HENRY BLAISE *vs.* ZACHARIAS ANDERSON and another.

June 25, 1886.

**New Trial—Improper Exclusion of Evidence.**—*Held*, that a new trial should have been granted, both because of error in excluding evidence, and because the verdict was not justified by the evidence.

Plaintiff brought this action in the municipal court of Minneapolis, to recover the sum of $195, the agreed price of certain horses sold by him to the defendants. Plaintiff had a verdict for the full amount claimed, and defendants appeal from an order refusing a new trial.

*J. L. Dobbin*, for appellants.

*Merrick & Merrick*, for respondent.

MITCHELL, J. The verdict for plaintiff for $195 was not justified by the evidence for two reasons:

1. The only evidence tending to support the complaint was that defendants agreed to pay or allow plaintiff $195 for the horses, *harness, and wagon.* There is no evidence tending to prove that he ever delivered or offered to deliver them either the harness or wagon.

2. In no view of the case was plaintiff entitled to a verdict for more than $100. According to the undisputed evidence, the agreement was that, in case defendant purchased the property, it was to be paid for as follows, viz.: $95, applied in satisfaction of a debt of that amount due from plaintiff to defendants, and the balance of $100 to

be paid in stone. Now, assuming that the sale was made, and the property all delivered, then plaintiff's debt of $95 is paid, and the defendants owe him the balance of $100. All that plaintiff complains of is that defendants have refused to give him "a receipt of said bill for $95."

We also think the court erred in refusing to allow defendants to introduce in evidence the chattel mortgage from plaintiff to Hobart. There was evidence tending to prove that it was a lien on the horses in question. In their answer defendants alleged, as a reason for refusing to accept the horses, that "plaintiff's title to said horses was not satisfactory to defendants." We think this allegation was sufficient to entitle defendants to show that plaintiff's title to the horses was incumbered.

For these reasons a new trial should have been granted.

Order reversed.